MARKMAN, J.
(concurring). Having reached the proper result in this case through a proper legal analysis, Justice KELLY in a concurrence to her own majority opinion proceeds to demonstrate that she could have reached the same result through less disciplined means. Not content to rely, as she does in her majority opinion, on the actual language of the law, Justice KELLY invokes an array of alternative techniques to “interpret” the law in her concurring opinion. She relies upon a “liberal construction” of the statute in question; she relies upon characterizations of the statute as “broad” and “reme *49 dial”; she relies upon a summary description of the law as “ambiguous,” therefore apparently affording her the discretion to pick and choose the law she prefers; she relies upon the Legislature’s inaction in the wake of an earlier court decision, equating this to approval of the Court’s decision; she disparages the value of dictionaries as an essential tool in the interpretative process; and she relies upon an extraordinarily broad understanding of “legislative history.” For the sake of future reference, a further catalogue of language-avoidance “interpretative” techniques would include the following: divining the “spirit of a statute”; relying upon considerations of “public policy”; standardlessly applying “equity”; characterizing statutes with which a judge disagrees as “absurd”; and concocting creative “balancing” and “totality of circumstances” tests. Innovatively applied, each of these techniques can be relied upon to avoid the hard task of having to discern a statute’s meaning from its actual language.
Taylor, C.J., and Corrigan and Young, JJ., concurred with Markman, J.